IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31359-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEROME L. PLEASANT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jerome Pleasant appeals his second degree theft conviction, raising

two challenges to the sole evidence of valuation offered at trial. We agree that the

evidence was improperly admitted and therefore reverse the conviction and remand for a

new trial.

## FACTS

Mr. Pleasant wore an ankle bracelet as a condition of community custody for an

unrelated crime. The bracelet was equipped with a GPS tracking device to monitor Mr.

Pleasant's movement. At some point, Mr. Pleasant took the ankle bracelet off and "lost"

it. His community corrections officer learned about the missing ankle bracelet and

arrested Mr. Pleasant for violating the terms of his community custody. Due to the loss

of the ankle bracelet, Mr. Pleasant was charged with second degree theft.

At trial, the State sought to prove the value of the bracelet through the testimony of

a corrections officer. The officer had exchanged e-mails with the Washington Association

of Sheriffs and Police Chiefs (WASPC), which supplies the Department of Corrections

with GPS tracking devices. Based on these e-mail communications, the officer attempted

to testify that according to the vendor the value of the bracelet was $1,400.

Defense counsel objected to the testimony on hearsay grounds. The State then

attempted to introduce the e-mail that the corrections officer had received from WASPC

detailing the unit cost. Defense counsel again objected, this time on confrontation clause

and hearsay grounds. The State argued that the e-mail was an admissible business record.

The court overruled the objections. Based on the officer's testimony, the jury found Mr.

Pleasant guilty. Mr. Pleasant thereafter timely appealed to this court.

ANALYSIS

We review a trial court's evidentiary rulings for abuse of discretion. *State v. Guloy*,

104 Wn.2d 412, 429-30, 705 P.2d 1182 (1985). Discretion is abused when it is based on

untenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26,

482 P.2d 775 (1971). "If the trial court's ruling is based on an erroneous view of the law

2

or involves application of an incorrect legal analysis, it necessarily abuses its discretion." *Dix v. ICT Group, Inc.*, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007).

RCW 5.45.020 governs the admissibility of business records in Washington. This statute permits admission of business records "if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." RCW 5.45.020.

In the present case, the State failed to establish the corrections officer's status as the record custodian or as an "other qualified witness" regarding the valuation record. Furthermore, the officer did not, and could, testify to the document's mode of preparation. He therefore could not establish the proper foundation for admitting a business record. Because the trial court applied an incorrect legal standard to the admission of the record, it abused its discretion.

The error is not harmless because the e-mail constituted the State's entire evidence with respect to value. Accordingly, we reverse the conviction and need not address Mr. Pleasant's argument concerning his offender score.

3

No. 31359-0-III
*State v. Pleasant*

Reversed and remanded for a new trial.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Fearing, J.

4